## CIRCUIT COURT OF THE CITY OF NORFOLK

Atlantic Furniture Mfg. Co., Inc.

v.

Sol Laderberg Furniture, Inc.,
t/a Carload Discount Warehouse Furniture

May 17, 1977

Case No. (Law) L-76-1507

By JUDGE EDWARD L. RYAN, JR.

The question for decision is whether the sale in dispute falls under the definition of a "bulk" transfer as set out in Code § 8.6-102(1). Dependent on calculations submitted by counsel, the percentage of sale to inventory varied from 13.6 percent to 39.1 percent, but none exceeded 50 percent.

The Court concludes that the sale was not made "in the ordinary course of the transferor's business." 37 Am. Jur. 2d, *Fraudulent Conveyances*, § 247, p. 901.

On the other hand, the Court concludes that the sale did not represent a "major" part of the inventory of the enterprise subject to the provisions of the statute. In so holding, the Court is not unmindful of the following principles of law found in 73 Am. Jur. 2d, *Statutes*, § 340, p. 481:

> In the interpretation of a uniform act, care should be taken to adhere as *closely as possible* to the obvious meaning of the act, without resort to that which had theretofore been the law of the state, especially in instances where there was a difference in the law in the various states. In this respect, it has been declared that only decisions applying

and interpreting the uniform act under considera-
tion are entitled to much weight. *However,
if a doubt in regard to the meaning of the
act can be solved by a reference to the law
previously administered, this law should be
looked to. Moreover, the act, if practicable,
should be given such a construction as will
make it harmonize with the general principle
of law in force before its enactment.* (Italics
added.)

It appears that there is no "doubt" in the meaning
of the present uniform act. The former act covered the
sale of something less than the greater part of the inven-
tory. Under the Code section cited above the Virginia
Comment recognizes that "The UCC covers transfer of 'a
major part,' while the prior Virginia statute is somewhat
broader covering the transfer of 'any part or the whole'."
Then, the stark difference between subsections (1) and
(2) of the present act is relevant to the legislative
intent. Subsection (1) dealing with *inventory* speaks
of "major" part thereof; whereas subsection (2) encompas-
sing sales of *equipment* reduces the proportion to a "sub-
stantial part" thereof, *if* it is made in connection with
a bulk (read "major") transfer of inventory, but not
otherwise." (Italics supplied.) The Court may consult
the definitions of lexicographers. 73 Am. Jur. 2d, *Sta-
tutes,* § 223, p. 412. "Courts should be slow to impart
any other than their commonly understood meaning to terms
employed in the enactment of a statute." *Idem,* § 206,
p. 401. "Major" and "majority" have a common stem meaning
a greater part.

The plaintiff makes a solid pragmatic argument against
the interpretation of "major" as meaning the greater
part of the inventory, and, indeed, such seems to be
harsh in application, but the following is instructive:

Statutes are to be read in the light of
attendant conditions at the time of their enact-
ment. Hence, the fact that events probably
not foreseen by the legislature have occurred
does not permit the court to undertake to enact
new law. *Idem,* § 205, p. 399.

It is said that "although a mere magazine article is not controlling on the courts as to the meaning of a statute, there are cases in which views taken by text writers, or legal commentators, are taken into consideration in the interpretation of a statute." *Idem*, § 163, p. 367. Fourteen years ago the following was said in Clark, *Bulk Sales and Article 6*, 20 Wash. & Lee L. Rev. 278, 280 (1963):

> A transfer under the UCC applies to a somewhat narrower range of transaction than the Virginia definition. UCC only applies (if) a major part of the goods is transferred, a stronger requirement than Virginia law, which only requires "any part" of the goods to be sold outside the ordinary course of trade.

The Virginia legislature has made no change in the language of the statute, and it is a legislative function to amend laws and not this court's, if such be necessary.

The Court recognizes the split in the authorities on the issue, as demonstrated by the memoranda of counsel, but the Court concludes that it should muster with the authorities and reasoning urged upon the Court by the defendant. Judgment, therefore, should be in favor of defendant.